■ MAGALY UGARRIZA, Respondent, v GLENN R. SCHMIEDER et al., Appellants.—In a negligence action by a passenger to recover damages for personal injuries sustained in a one-car collision, defendants appeal from an order of the Supreme Court, Suffolk County, dated August 9, 1977, which granted plaintiff's motion for summary judgment and an assessment of damages. Order reversed, on the law, with $50 costs and disbursements and motion denied. The uncontroverted facts permit conflicting inferences which may be resolved only by the trier of the facts. Latham, J. P., Cohalan and O'Connor, JJ., concur; Margett, J., dissents and votes to affirm the order with the following memorandum: Plaintiff was a passenger in a car driven by defendant Glenn R. Schmieder (hereafter referred to as defendant) which collided with a cement divider in a parking lot shortly after 4:00 O'clock on the morning of November 1, 1975. It is undisputed that defendant, plaintiff and two others were enroute from a discotheque to a diner; that defendant initially drove west on Jericho Turnpike for four or five miles and went past the diner before turning south into a shopping center parking lot; that once in the parking lot he turned east on a direct course toward the diner; and that he proceeded 150 to 200 feet east before the impact. The defendant further testified, at his examination before trial, that there were no vehicles or other objects in the parking lot which would have obstructed his view; that the cement divider was a foot or higher, about six feet thick, and an off-white ("cement") color; and that the parking lot itself was blacktopped. The defendant wasn't sure of the length of the divider, but it was longer than the "length" of his car. Upon impact both the plaintiff and the defendant hit, and broke, the windshield of the car. On the basis of these undisputed facts, summary judgment was properly granted to the plaintiff. It is clear that the defendant driver failed to keep his vehicle under control and failed to keep a proper lookout on the roadway ahead of him. The circumstances and conditions were such that, in the exercise of ordinary prudence, he ought to have seen the divider and was bound to use necessary care to avoid colliding with it (see *Axelrod v Armitstead,* 36 AD2d 593). There is nothing to indicate that plaintiff was contributorily negligent; Special Term correctly held that there are no questions of fact which would require a trial on the issue of liability.